On the Merits.
BREAUX, C. J.
The defendant in injunction, Lindner, brought suit praying for possession of property consisting of lots 1, 2, and 3, in square No. 53, situate in the First District of New Orleans, bought by him on the 7th of November, 1901, at the tax sale for the city taxes for the year of 1898.
Philip J. Helmbeck, alleging that he is the owner of the property, obtained a- writ of injunction, restraining plaintiff, Lindner, in the action for possession, also the sheriff, from executing a writ of possession issued at instance of plaintiff for possession under the tax deed which he held. The time to redeem the property sold at tax sale had passed. There is no question of prescription. It is not pleaded.
Plaintiff in injunction, Helmbeck, attacks the tax deeds on two grounds, viz., entire lack of notice and want of advertisement.
The defenses raised by the pleadings of plaintiff for possession and defendant in injunction, I/indner, are that in October, 1901, the city of New Orleans advertised the property for sale for taxes due thereon for the year 1898, at which sale he bought it; that after the purchaser had paid the taxes of 1900 the property was again advertised for the taxes of the year 1891, but he, by paying the taxes, stopped the sale; that it was again advertised by the city of New Orleans for the taxes of 1897. An injunction prevented the sale.
In the alternative, if judgment be rendered against him, he (Lindner) claims the taxes he has paid and expenses incurred. The defendant in the suit for possession, Helmbeck, pleads want of notice and want of advertisement.
We pass the question of want of .notice required to be served on the tax debtor, and take up for decision the questions growing out of the insufficient and illegal advertisement pleaded.
The property was advertised in the official journal of the city of New Orleans (an evening paper) to be sold on Saturday, the 26th of October last, at 11 o’clock. It was sold on the Monday following, as the sale was postponed from Saturday, October 26th, to said Monday, by the tax collecting officer, after notice.
Substantially, the contention of plaintiff in injunction, Helmbeck, is that Watson, city treasurer, by whom the sale was made, was *775 without authority to postpone the sale as just stated; that he was without authority to sell on Saturday, the 26th day of October; that there had been no legal advertisement, and that it followed that he was without right to postpone a sale which he had no authority to effect at the date of the postponement; and that; because of insufficient advertisement, no title translative of property grew out of the tax deed.
It is true, as contended by plaintiff in injunction, that no advertisement appeared on any day of the last week, except the one of Saturday, the 26th, and that on the Saturday in question, at 11 o’clock a. in., there had been no advertisement at all of the property for the week preceding the date and for the sale.
In other words, there was no advertisement on the 20th, 21st, 22d, 23d, 24th, or 25th of the last week, and on the 26th at 11 o’clock. The advertisement on that day only appeared after 2 o’clock p. m. ■
The facts are not controverted by counsel for defendant in injunction. He insists that the tax sale was advertised in French on the morning of the day of sale, and in English in the afternoon, and that this is sufficient compliance with the statute upon the subject.
The important issue is whether the party at whose instance property is sold for taxes can in any manner curtail the term of advertisement without • affecting the validity of the sale.
Tax sales are required to be advertised in accordance, with the terms of the statute. There must be an issue of the newspaper containing the advertisement each week during the 30 days. -It cannot be less. It may be more, for here, as in other legal proceedings, steps in addition to those strictly required do not vitiate. The last advertisement may be made on .the day preceding the sale, but it should not be after the date set down for the sale. In this instance it might have been made on the 25th of October. It could not legally be made on the 26th after the hour fixed for the sale.
The advertisement was not that intended,, for it must precede the 11 o’clock of the day fixed for the sale. The advertisement in the afternoon, announcing that the property is to be sold at 11 o’clock preceding, is not the-advertisement required.
If this were to be passed over as the merest irregularity, without prejudicial effect, then there would be no good reason left not to consider in the same light a sale with no legal advertisement at all. The object is public-notice. It should be given at least to the extent required, without misleading and confusing statements of date of the sale.
True, as contended by defendant’s counsel,, the sale under which his client holds wasprima facie valid. But it is true, also, that notice must be given, and advertisement, which is also notice, must be inserted, as. laid down in the statute; and if, on trial, it appears that this had not been done, the sale is not to be considered as prima facie valid,, for without advertisement the sale is null, and the presumption in favor of tax sales. falls. Without legal advertisement there can. be no legal title.
In a tax sale the requirement must be strictly followed, to give validity to the .sale. We have read the decisions in Re City of New Orleans et al., 52 La. Ann. 1073, 27 South. 592, and the other decisions cited by defendant’s counsel.
We take it that they lay down the rule-that, “as for advertisements for which the-term of thirty days is fixed, it suffices if they are published in a daily paper once a week during that time,” and nothing more. This, confirms our view, instead of being opposed to it. There must be advertisement, as just stated, and it must precede 11 o’clock on the-day the property is advertised to be sold. The newspaper may comply with the statute-by advertising on six different days, or in any other way, provided the advertisement is in *777 serted once a week during the time, and the last precedes the hour of the last day before mentioned.
The delinquency of the tax debtor, Helm-beck, has nothing about it for commendation. At the same time, we cannot on any such ground disregard the plain provision of the statute.
During the trial it was shown that other tax sales have been made of the same property to the state. We have naught to do with other sales. The issues have confined all questions to the one before us. The present tax deed is null, absolutely, and the one claiming thereunder is concluded.
Though the defendant in injunction failed to acquire title under the tax deed decreed null, he is entitled to all amounts expended by him on account of his purchase.
There are other grounds. That relating to notice is especially important. We do not think we should pass upon them, as we have concluded that the sale is null.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and the same is, annulled, reversed, and avoided. The law and the evidence being with plaintiff in injunction, it is ordered, adjudged, and decreed that he have judgment against defendant in injunction and plaintiff for possession, decreeing that he is not entitled to the possession of the property for which he prays; that the injunction against him, taken out by plaintiff, Helmbeck,. be, and the same is hereby, made perpetual, and the tax sale in question is void, and the registry thereof is ordered to be canceled. On plaintiff’s reconventional demand it is ordered, adjudged, and decreed that he have and recover the sum of $137.90, with interest at 10 per cent, per annum from October 28, 1901, on $88 of said amount, and a like interest on $28.90 from May 29, 1902, and a like interest on all other amounts due and included in the first-mentioned sum from the dates claimed in Lindner’s answer to the injunction. The lien and privilege claimed for the security of said amount is recognized and allowed. Appellee, Lindner, is condemned to pay costs of both courts.